```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
    UNITED STATES OF AMERICA                  :
                                              :     19-CR-166-3 (VEC)
                -against-                     :
                                              :          ORDER
    NAZAE BLANCHE,                            :
                                              :
                             Defendant.       :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/15/2020

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 5, 2019, after a bail hearing, Magistrate Judge Parker detained Defendant on dangerousness and risk of flight grounds (Dkt. 22);

WHEREAS Defendant pled guilty on December 6, 2019, to the lesser included offense of Count Two of the Indictment, which, with the parties' stipulation that Defendant participated, *inter alia*, in an attempted murder of a rival gang member, yielded a stipulated guidelines range in the plea agreement of 162 to 181 months' imprisonment, with a mandatory minimum sentence of 84 months' imprisonment;

WHEREAS the offense to which Defendant pled guilty has a maximum sentence of life imprisonment or death;

WHEREAS Defendant seeks release from pre-sentence detention pursuant to 18 U.S.C. §§ 3143, 3145, arguing that his asthma (and a heart murmur mentioned only in his reply letter) makes him particularly susceptible to COVID-19 and that the Bureau of Prisons is failing to address those risks (Dkts. 167, 172);

WHEREAS the Government opposes Defendant's application (Dkt. 171);

WHEREAS the parties have waived a hearing and consented to Defendant's bail application being decided on the papers;

WHEREAS Defendant is subject to mandatory detention absent an applicable exemption, *see* 18 U.S.C. § 3143(a)(2);

WHEREAS the exemptions contained in Section 3143 do not apply, and Defendant argues that he should be temporarily released under Section 3145(c);

WHEREAS Section 3145(c) provides that a person detained under Section 3143(a)(2) may be released if the individual "meets the conditions of release set forth in section 3143(a)(1)" and "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate";

WHEREAS to satisfy Section 3143(a)(1), Defendant must show "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released" under appropriate conditions imposed by the Court;

WHEREAS Defendant's "bail motion can be granted only if there is (1) clear and convincing evidence that he is not a flight risk or a danger to others and (2) an exceptional reason why his detention is inappropriate"; *United States v. McDuffie*, No. 19-CR-212, 2020 WL 1659879, at *2 (S.D.N.Y. Apr. 3, 2020) (citing *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004));

WHEREAS the Court finds that Defendant has a history of engaging in violent conduct as a member of the Jack Boyz gang and has not shown, by clear and convincing evidence, that he is not a danger to others;

WHEREAS the Court finds that COVID-19, without minimizing either Defendant's condition or the seriousness of the pandemic, does not threaten Defendant's health under the circumstances of his detention to such a degree that his detention is inappropriate, *compare*

*McDuffie*, 2020 WL 1659875, at * 3 (releasing pre-sentence detainee who suffered from an autoimmune disease and heart issues);

    IT IS HEREBY ORDERED that Defendant's application is DENIED.

**SO ORDERED.**

**Dated: April 15, 2020**
    **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**