USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
NAZAE BLANCHE,
                          Petitioner,

       -against-

UNITED STATES OF AMERICA,

                          Respondent.
------------------------------------------------------------ X

19-CR-166 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS on September 6, 2022, Nazae Blanche, proceeding *pro se*, moved for compassionate release pursuant to 18 U.S.C. § 3582(c) (the "2022 Motion"), *see* 2022 Motion, Dkt. 434;

      WHEREAS Mr. Blanche asserts in his 2022 Motion that he previously moved the Court for the same relief on December 28, 2021 (the "2021 Motion"), *id.* at 2, but the Court has no record of receiving the 2021 Motion from Mr. Blanche, *see* Order, Dkt. 435;

      WHEREAS on November 15, 2022, the Government opposed the 2022 Motion and provided Mr. Blanche's Bureau of Prisons ("BOP") medical records under seal, and disciplinary and educational records on the docket, *see* Gov't Response, Dkt. 439; and

      WHEREAS on December 5, 2022, Mr. Blanche submitted a reply letter in further support of his 2022 Motion, *see* Petitioner Reply, Dkt. 441;

      IT IS HEREBY ORDERED that the 2022 Motion is DENIED. As a threshold matter, Mr. Blanche did not exhaust his administrative remedies before seeking relief in federal court. A defendant seeking compassionate release must "fully exhaust[ ] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or "30 days [must have lapsed] from the receipt of such a request by the warden of the defendant's facility. . . ." 18

U.S.C. § 3582(c)(1)(A); *see also United States v. Gomez*, No. 15-CR-348 (PGG), 2022 WL 61317, at *2 (S.D.N.Y. Jan. 5, 2022) ("[T]o be eligible for relief based on changed circumstances, [a] [d]efendant must first seek relief from the BOP.") (collecting cases). Mr. Blanche asserts that he initially sought relief from the Court on December 28, 2021, but that he did not "write the Warden for help" because he believed the warden would have referred him to his unit team and he wanted "help not advice." *See* 2022 Motion at 2. Mr. Blanche also notes that his 2021 Motion was made when there was a major COVID-19 outbreak in his facility, suggesting — perhaps — that he thought the warden was too busy running the facility to deal with Mr. Blanche's request. Mr. Blanche provides no explanation why he did not pursue administrative relief prior to filing his 2022 Motion. Consistent with Mr. Blanche's representations, BOP has no record of Mr. Blanche requesting compassionate release, either in 2021 or in 2022. *See* Gov't Response at 5.

Mr. Blanche urges the Court to waive the exhaustion requirement because it would be futile and result in undue prejudice. *See* Petitioner Reply at 1 (citing *United States v. Zuckerman*, 451 F. Supp. 3d 329 (S.D.N.Y. 2020); *United States v. Perez*, 451 F. Supp. 3d 288 (S.D.N.Y. 2020)). The cases he cites in favor of waiver, however, are readily distinguishable. The defendants in both *Zuckerman* and *Perez* risked "catastrophic health consequences" in case of a delay of "even a few weeks" because of preexisting medical conditions, and the defendants were released in April 2020 when the COVID-19 pandemic was raging and prior to there being effective vaccines or therapeutics. *See Zuckerman*, 451 F. Supp. 3d at 333–34 (noting that the defendant was 75 years old and in the "highest risk category for complications and death from the disease if infected" according to a letter from his doctor); *Perez*, 451 F. Supp. 3d at 292–93 (noting that the defendant had less than three weeks left on his sentence and suffered "severe side

effects" from two surgeries while incarcerated). Mr. Blanche, by contrast, is a healthy twenty-three-year-old, has received two doses of the COVID-19 Moderna vaccine,[1] survived a bout of COVID-19, and has a clean bill of health according to medical records that were last updated about two and a half months before he filed his 2022 Motion. Although Mr. Blanche has asthma, he reported during his last medical visit that he was neither coughing nor wheezing and that he was in no pain. Moreover, Mr. Blanche's anticipated release date is February 14, 2031, giving him years rather than weeks to serve on his sentence.

In sum, because Defendant has failed to exhaust his administrative remedies, the Court lacks jurisdiction to grant his motion.

Even if the Court had jurisdiction, the motion would be denied because Mr. Blanche has not demonstrated "extraordinary and compelling reasons" to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Blanche asserts that his COVID-19 infection in 2021, the Court's lack of response to his purportedly-filed 2021 Motion, his asthma, "post-COVID complications" such as wheezing and headaches, as well as his lack of disciplinary infractions, positive education efforts, and plans to seek employment and live with his mother warrant a reduced sentence. *See* Petitioner Mot. at 1–8.[2]

---

[1] It appears from the medical records the Court has been provided that Mr. Blanche has not received any COVID-19 boosters. If he has not already done so, the Court encourages him to seek and take a COVID-19 booster to further protect himself from contracting or suffering severe illness from COVID-19.

[2] Mr. Blanche also asserts that his sentence was unreasonably high and that the Court did not ascertain adequately that he had entered his plea agreement knowingly, intelligently, or voluntarily. *See* 2022 Motion at 4–6.

To the extent Mr. Blanche is challenging the voluntariness of his underlying guilty plea, a motion for compassionate release pursuant to 18 U.S.C. § 3582(c) is not the right vehicle for doing so. Even if it were, it would be denied. The Court engaged in a detailed plea proceeding in which it ascertained that the Defendant understood the basic provisions of his plea agreement, including that he faced a sentence of seven years to life in prison and that his agreed-upon maximum guideline sentence was 181 months in prison. *See* Change-of-Plea Tr., Dkt. 439-1, at 12, 20, 30.

To the extent that Mr. Blanche is really just complaining that he believes his sentence is too long, the Court disagrees. The sentence imposed was within the guideline range that he understood applied to his guilty plea. The

The mere fact that Mr. Blanche was infected in 2021 and that his 2021 Motion apparently was lost in the mail does not weigh in favor of a reduced sentence; Mr. Blanche has been vaccinated, contracted COVID-19, and recovered. *See United States v. Morel*, No. 10-CR-798 (PAC), 2021 WL 2821107, at *1 (S.D.N.Y. July 7, 2021) (denying a defendant's motion for compassionate release in part because he was fully vaccinated and did not explain how the BOP had failed to treat his hypertension, Lyme disease, high cholesterol, and obesity). Moreover, Federal Correctional Institution Gilmer, where Mr. Blanche is incarcerated, currently has no inmates and only two staff members with COVID-19 infections. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jan. 10, 2023); *see also Gomez*, 2022 WL 61317, at *3 (denying a defendant's motion for compassionate release in part because there were only two active COVID-19 cases among staff and none among inmates at his facility); *United States v. Vongxay,* 467 F. Supp. 3d 102, 103–04 (W.D.N.Y. 2020) (denying a defendant's motion for compassionate release in part because no inmates or staff at his facility had contracted the virus).

Although Mr. Blanche's lack of disciplinary infractions, continuing education, and plans to seek employment upon release are commendable, they do not, in and of themselves, warrant a reduced sentence. *See United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020) (noting that "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason" for a reduced sentence) (internal quotation marks and citation omitted); *United States v. Rojas*, No. 19-CR-467 (PKC), 2022 WL 14784607, at *4 (S.D.N.Y. Oct. 26, 2022) (concluding that the defendant's "good behavior and employment during his incarceration, while encouraging . . . d[id] not justify his release") (citations omitted). The Court encourages Mr. Blanche to continue

---

Court imposed a sentence *below* the guideline maximum despite Mr. Blanche's involvement in numerous senseless violent crimes as a member of the notorious "Jack Boyz" gang. The Court expressly took into account his youth and the COVID-19 pandemic. *See* Sentencing Tr., Dkt. 439-2, at 33–34. The sentence that was imposed, although substantial, reflected substantial leniency given Mr. Blanche's criminal conduct.

to work toward obtaining his GED and also encourages him to engage in other productive programming to address the poor decision-making that landed him behind bars.  Mr. Blanche's application for release is, however, DENIED.

The Clerk of Court is respectfully directed to close the open motion at Dkt. 434 and to mail a copy of this Order to Mr. Blanche at No. 86403-054, Federal Correctional Institution, FCI Gilmer, 201 FCI Lane, A2-129, Glenville, W.V., 26351, and to note mailing on the docket.

**SO ORDERED.**

Date:  January 10, 2023
      New York, NY

                         **VALERIE CAPRONI**
                        **United States District Judge**