```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   4/23/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
UNITED STATES OF AMERICA                                 :
                                                         :
            -against-                                    :          19-CR-166 (VEC)
                                                         :
NAZAE BLANCHE,                                           :              ORDER
                                                         :
                              Defendant.                 :
---------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

        WHEREAS on October 1, 2020, Nazae Blanche ("Defendant" or "Mr. Blanche") was

sentenced principally to a term of imprisonment of fourteen years, *see* Judgment, Dkt. 226;

        WHEREAS on January 2, 2024, Defendant filed a motion requesting that the Court

consider a sentence reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines

("Amendment 821"), *see* Mot., Dkt. 459, which went into effect on November 1, 2023, and

which applies retroactively; *see* U.S.S.G. §§ 1B1.10, 4A1.1(e), 4C1.1;

        WHEREAS on January 25, 2024, the United States Probation Department reported that

Defendant is not eligible for a sentence reduction because he did not receive an enhancement for

committing the instant offense while under a criminal justice sentence — precluding him from

the status points reduction — nor did he have zero criminal history points — precluding him

from the zero-point offender reduction, *see* Probation Report, Dkt. 460;

        WHEREAS on January 29, 2024, the Court denied Defendant's motion on the basis that

Defendant was ineligible for a sentence reduction pursuant to Amendment 821 because neither

the status points reduction nor the zero-point offender reduction applies to him, *see* Dkt. 461;

        WHEREAS on November 7, 2024, Defendant filed a motion for compassionate release

citing Amendment 814 and Amendment 821 to the U.S. Sentencing Guidelines ("Motion"), *see*

Mot., Dkt. 484, the former of which went into effect on November 1, 2023, and which applies retroactively, *see* U.S.S.G. § 1B1.13;

WHEREAS on December 10, 2024, Defendant filed a motion requesting that the Court additionally consider a sentence reduction pursuant to Amendment 829[1] to the U.S. Sentencing Guidelines, *see* Memo, Dkt. 486, which went into effect on November 1, 2024, and which does not apply retroactively, *see* U.S.S.G. § 5H1.1.

WHEREAS 18 U.S.C. § 3582(c)(1)(A) authorizes a court to grant compassionate release or to reduce a previously imposed term of imprisonment upon a finding of: administrative exhaustion; satisfaction of the § 3553(a) factors; and "extraordinary and compelling reasons," *Lanier v. United States*, No. 15-CR-537, No. 23-CV-4939, 2024 WL 1715236, at *4 (S.D.N.Y. Apr. 22, 2024) (citing *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021));

WHEREAS Amendment 814, found at § 1B1.13 of the Sentencing Guidelines, "sets forth six circumstances that qualify as 'extraordinary and compelling circumstances' that may warrant reduction of a defendant's sentence," *id.* at *5 (citation omitted);

WHEREAS only two of those circumstances are potentially relevant to Mr. Blanche: Section 1B1.13(b)(6), which provides that "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason"; and Section 1B1.13(b)(5), which provides that "any other circumstance or combination of circumstances" may be extraordinary and compelling when they are "similar in gravity" to the other reasons listed;

---

[1]    Defendant's motion cites Amendment 828, which relates to firearms with altered or obliterated serial numbers.  From context, it is apparent that he intended to cite Amendment 829, which relates to consideration of the defendant's age when determining an appropriate sentence.

WHEREAS Section 1B1.13(b)(6) is inapplicable because Mr. Blanche has not served ten years of the term of imprisonment; Mr. Blanche was sentenced to 14 years' imprisonment on October 1, 2020, *see* Judgment, Dkt. 226, and filed the motion for compassionate release on November 7, 2024, *see* Mot., Dkt. 484;

WHEREAS the Court has considered Mr. Blanche's proffered reasons for a sentence reduction and finds they are not "similar in gravity" to the circumstances listed in § 1B1.13;[2] and

WHEREAS Mr. Blanche's challenges to his sentence based on changes in the law fare no better because "a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists," U.S.S.G. § 1B1.13(c), and there have been no changes in law that would apply to Mr. Blanche; his reliance on *United States v. Davis*, 588 U.S. 445 (2019), is unavailing because "attempted murder in aid of racketeering under [18 U.S.C. §] 1959(a)(5) is necessarily a crime of violence" as defined in the elements clause of § 924(c), *United States v. Pastore*, 83 F.4th 113, 121–22 (2d Cir. 2023);

IT IS HEREBY ORDERED that, as the Court held in its prior Order at Dkt. 461, Defendant is ineligible for a sentence reduction pursuant to Amendment 821 because neither the

---

[2]     Mr. Blanche points to the fact that he was nineteen years old at the time of his arrest, Mot. at 4, but the Court took Mr. Blanche's age at the time of the offenses into consideration at sentencing and found that his age mitigated in his favor; any further sentence reduction based on Mr. Blanche's age is not warranted. *See* Sentencing Tr., Dkt. 233, at 30:25–31:4, 32:25–33:3. Furthermore, although the Court commends Mr. Blanche's apparently clear disciplinary record and his obtaining a GED, evidence of even complete rehabilitation, let alone progress towards rehabilitation, does not constitute an extraordinary and compelling reason that warrants a sentence reduction. *See United States v. Raposo*, No. 98 Cr. 185, 2024 WL 165195, at \*9 (S.D.N.Y. Jan. 16, 2024); *United States v. Garcia*, No. 1-cr-1110, 2025 WL 1004409, at \*5 (S.D.N.Y. Apr. 3, 2025). Moreover, the Court is skeptical of Mr. Blanche's claim that he is not a threat to the community given the severity of his offense conduct: Defendant participated in five separate shootings that left one victim paralyzed and struck another innocent bystander. *See* Sentencing Tr. at 28:20–23, 30:10–16, 19–21. Next, because Mr. Blanche's experiences of lockdowns at FCI Hazelton are "shared by his fellow inmates" and "pose[] no unique burden" to Mr. Blanche himself, they do not provide the basis for a sentence reduction. *United States v. Sayoc*, No. 18-cr-820, 2025 WL 918864, at \*2 (S.D.N.Y. Mar. 26, 2025).

status points reduction nor the zero-point offender reduction applies to him.  Defendant's motion based on Amendment 821 is therefore DENIED.

IT IS FURTHER ORDERED that Defendant is ineligible for a sentence reduction on the basis of Amendment 829 because Amendment 829 is not retroactive and thus does not authorize a sentence reduction.  *See United States v. Parrot*, No. 21-CR-691, 2025 WL 995398, at *2 (S.D.N.Y. Apr. 3, 2025); *United States v. John*, No. 21-cr-134, 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024).  Defendant's motion based on Amendment 829 is therefore DENIED.

IT IS FURTHER ORDERED that Defendant is ineligible for a sentence reduction on the basis of Amendment 814 because he has failed to identify an extraordinary and compelling reason for sentencing reduction.  Because Mr. Blanche has failed to identify an extraordinary and compelling reason for a sentence reduction, the Court does not reach the § 3553(a) factors. *Lanier*, 2024 WL 1715236, at *7 (citing *Keitt*, 21 F.4th at 73).  Defendant's motion based on Amendment 814 is therefore DENIED.

IT IS FURTHER ORDERED that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed in forma pauperis is, therefore, denied.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to close the

open motion at Dkt. 484, to mail a copy of this Order to Nazae Blanche, Register Number

86403-054, FCI Hazelton, Federal Correctional Institution, P.O. BOX 5000, Bruceton Mills, WV

26525, and to note the mailing on the docket.

**SO ORDERED.**

**Dated: April 23, 2025**
       **New York, NY**

_____
       **VALERIE CAPRONI**
       **United States District Judge**